# EXHIBIT C

Exhibit C

Marilyn Burgess - District Clerk Harris County
Envelope No. 32030804
By: Miaeda Hutchinson
Filed: 3/18/2019 5:07 PM

3/18/2019 5:07 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **HUMBERTO AND FLOR VALERO,** | § | **IN THE DISTRICT COURT** |
| *Plaintiffs*, | § | |
| | § | |
| **V.** | § | **OF HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY** | § | **_____ JUDICIAL DISTRICT** |
| *Defendants*. | § | |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Humberto and Flor Valero, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure,** complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, Humberto and Flor Valero, reside in Harris County, Texas.

3.    Defendant, Allstate Vehicle and Property Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiffs request service of citation upon Allstate Vehicle and Property Insurance Company through its registered agent for service: **C T Corporation System 1999 Bryan St,Ste 900,Dallas TX 75201 -3136**.  Plaintiffs request service at this time.

**JURISDICTION**

4.   The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

**VENUE**

5.   Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6.   Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.   Plaintiffs own an Allstate Vehicle and Property Insurance Company homeowner's insurance policy, number 829 655 428 ("the Policy").  At all relevant times, Plaintiffs owned the insured premises located at 15314 Harvest Fall Lane Channelview, Texas 77530 ("the Property").

8.   Allstate or its agent sold the Policy, insuring the Property, to Plaintiffs.  Allstate or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' property.  Allstate has refused the full extent of that coverage currently owed to Plaintiffs.

9.   On or about April 29, 2017, the Property sustained extensive damage resulting from a

2

severe storm that passed through the Harris County, Texas area.

10.   In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to Allstate against the Policy for damage to the Property.  Allstate assigned claim number 0488620923 to Plaintiffs' claim.

11.   Plaintiffs asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12.   Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system.

13.   Allstate assigned or hired Nick Busnardo to adjust the claim.

    a.   Busnardo had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in their report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Busnardo. The valuation of damages that were included in Busnardo's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Busnardo.

    b.   Furthermore, Busnardo was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Busnardo had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c.   Busnardo made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would

3

cost to repair the damage to Plaintiffs' Property.

d.   Busnardo made further misrepresentations to Plaintiffs during their inspection. Busnardo used their expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14.   Allstate, through its agents, namely Busnardo, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.   The initial adjustment of the claim occurred on or around January 24, 2018 Busnardo found that there was no damage from a covered peril to the roof of the property.

16.   After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

17.   To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $17,625.68.

18.   Since due demand was made on November 16, 2018, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

4

19.    As stated above, Defendants failed to assess the claim thoroughly.   Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

20.    As a result of Allstate 's failure to provide full coverage, along with Allstate 's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

21.    Allstate failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

22.    Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.   Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiffs.

23.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy.   Specifically, Defendants have failed to timely pay Plaintiffs' coverage due under the Policy.

24.    Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of

the Policy.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair
Settlement Practices.  TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full
coverage due to Plaintiffs under the terms of the Policy.  Specifically, Allstate, through its
agents, servants, and representatives, namely Busnardo, performed an outcome-
oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and
inequitable evaluation of Plaintiffs' losses on the Property.

26.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt
Payment of Claims.  TEX. INS. CODE §542.055.  Defendants failed to reasonably accept or
deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary
information.

27.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt
Payment of Claims.  TEX. INS. CODE §542.056.  Defendants failed to meet their obligations
under the Texas Insurance Code regarding timely payment of the claim.  Specifically,
Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs
have not received full payment for the claim.

28.   Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional
services of the attorneys and law firm representing them with respect to these causes of
action.

## COUNT 1 - BREACH OF CONTRACT

29.   All allegations above are incorporated herein.

30.     Allstate is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiffs.

31.     Allstate 's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

**COUNT 2 – VIOLATIONS OF THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

32.     All allegations above are incorporated herein.

33.     Allstate 's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

34.     Allstate 's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.     Allstate 's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.     Allstate 's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law,

7

for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37.     Allstate 's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

38.     Allstate 's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### COUNT 3 – VIOLATIONS OF THE TEXAS INSURANCE CODE:
### PROMPT PAYMENT OF CLAIMS

39.     All allegations above are incorporated herein.

40.     Allstate 's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

41.     Allstate 's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42.     Allstate 's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### COUNT 4 - BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     All allegations above are incorporated herein.

8

44.     Allstate 's conduct constitutes a breach of the common law duty of good faith and fair

        dealing owed to an insured in insurance contracts.

45.     Allstate 's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim,

        although, at that time, Allstate knew or should have known by the exercise of reasonable

        diligence that liability was reasonably clear, constitutes a breach of the duty of good faith

        and fair dealing.

                          **COUNT 5 - DTPA VIOLATIONS**

46.     All allegations above are incorporated herein.

47.     Allstate 's conduct constitutes multiple violations of the Texas Deceptive Trade Practices

        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and

        services provided by Allstate pursuant to the DTPA.  Plaintiffs have met all conditions

        precedent to bringing this cause of action against Allstate.   Specifically, Allstate's

        violations of the DTPA include, without limitation, the following matters:

A.      By its acts, omissions, failures, and conduct, Allstate has violated sections

        17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Allstate 's violations

        include without limitation, (1) unreasonable delays in the investigation,

        adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the

        benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs'

        property when liability has become reasonably clear, which gives Plaintiffs the

        right to recover under section 17.46(b)(2).

9

B.  Allstate represented to Plaintiffs that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C.  Allstate also represented to Plaintiffs that the Policy and Allstate 's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  Allstate 's actions are unconscionable in that Allstate took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate 's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.  Allstate 's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.  Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were

committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## COUNT 6 - FRAUD

49. All allegations above are incorporated herein.

50. Allstate is liable to Plaintiffs for common law fraud.

51. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52. Allstate made the statements intending that Plaintiffs act upon them.  Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common law fraud.

## GROSS NEGLIGENCE

53. All allegations above are incorporated herein.

54. Busnardo's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a. Busnardo's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

b.  Busnardo had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

55.  Busnardo intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Allstate. Their estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

**KNOWLEDGE**

56.  Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

**WAIVER AND ESTOPPEL**

57.  Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

58.  Since the claim was made, Allstate has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy.  This has caused undue

12

hardship and burden to Plaintiffs.  These damages are a direct result of Defendants'
mishandling of Plaintiffs' claim in violation of the laws set forth above.

59.   Defendants made the above and other false representations to Plaintiffs, either
knowingly or recklessly, as a positive assertion, without knowledge of the truth.
Defendants made these false misrepresentations with the intent that Plaintiffs act in
accordance with the misrepresentations.    Plaintiffs then relied on these
misrepresentations, including but not limited to those regarding coverage and the cause
and scope of damage.  Plaintiffs suffered damages as a result.

60.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly,
constitute the producing causes of damages sustained.  The acts, omissions, failures, and
conduct of Defendants have caused Plaintiffs' damages, which include, without limitation,
costs for all necessary repairs required to be made to Plaintiffs' Property, and any
investigative and engineering fees incurred.

61.   For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain,
which is the amount of Plaintiffs' claim, consequential damages, together with attorney's
fees.

62.   The damage to Plaintiffs' Property is currently estimated at $17,625.68.

63.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices,
Plaintiffs are entitled to actual damages, which include the loss of the benefits owed
pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional

conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

64.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

65.   For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

66.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

67.   For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

68.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

69.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief over $100,000 but not more than $200,000. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

70.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

71.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas.  Plaintiffs hereby tender the appropriate jury fee.

15

**PRAYER**

Plaintiffs pray that Defendants, Allstate Vehicle and Property Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiffs, Humberto and Flor Valero, have and recovers from Defendants, Allstate Vehicle and Property Insurance Company, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Humberto and Flor Valero, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

3/18/2019 5:07:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32030804
By: HUTCHINSON, MIAEDA A
Filed: 3/18/2019 5:07:19 PM

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

Name(s) of Documents to be served: **Plaintiff's Original Petition, Jury Demand and Request for Disclosure; Plaintiff's First Set of Written Discovery to Allstate Vehicle and Property Insurance Company**

**FILE DATE: March 18, 2019**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):
Issue Service to: **Allstate Vehicle and Property Insurance Company**
Address of Service: **C T Corporate System, 1999 Bryan Street, Suite 900**
City, State & Zip: **Dallas, Texas 75201-3136**

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | | |
|---|---|---|
| ☒ Citation ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | Newspaper_____ | |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ( $12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ( $12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe)_____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP** (phone) _____  ☐ **CONSTABLE**
☐ **MAIL to attorney   at:** _____

☐ **CERTIFIED MAIL** by District Clerk   ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
**(Note:) CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
**Phone: (469) 291-5005**

☒ **OTHER**, *explain* **email dbullock@cwilsonlaw.com**

Unofficial Copy Office of Marilyn Burgess District Clerk

Issuance of Service Requested By: Attorney/Party Name: **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Unofficial Copy Office of Marilyn Burgess District Clerk

3/18/2019 5:07:19 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 32030804
By: HUTCHINSON, MIAEDA A
Filed: 3/18/2019 5:07:19 PM

CAUSE NO. _____

| | | |
|---|---|---|
| HUMBERTO AND FLOR VALERO, | § | IN THE DISTRICT COURT OF |
|     *Plaintiffs*, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
|     *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Pursuant to the Texas Rules of Civil Procedure, Plaintiffs, Humberto and Flor Valero ("Plaintiffs") serve the following written discovery to Defendant Allstate Vehicle and Property Insurance Company ("Defendant"). Defendant should respond separately to each request and interrogatory, and responses must be served at Chad T. Wilson Law Firm, PLLC, 455 East Medical Center, Suite 555, Webster, Texas 77598, within thirty (30) days after service.

Defendant is further notified of the duty under the Texas Rules of Civil Procedure to supplement discovery answers and responses if the answer or response was incorrect when made; or, if the answer or response, through correct when made, is no longer correct, true or complete.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: */s/ Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432

Page **1** of **19**

Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

## INSTRUCTIONS

For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence or when it could no longer be located, and give the reasons for the disappearance.  Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## DEFINITIONS

1.    "Plaintiffs" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2.    "You" or "your" means Allstate Vehicle and Property Insurance Company, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of Allstate Vehicle and Property Insurance Company or its successors, predecessors, divisions, and subsidiaries.

3.    "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action.  "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, insurance policies, financial data, record of claims or complaints, training manuals and materials, claim reviews, claim files, "field files", claim handling manuals, materials from the Insurance Institute of America, oral or written statements, and all information identified, referred to, or relied upon in developing Defendant's Answer to Plaintiffs' Petition.

4.    "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined.  The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind.  Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems;

Page **3** of **19**

computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives), microfiche, punched cards, or servers.  Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy.

5. "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6. "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7. "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

8. "Contract" means the agreement that is the subject of this lawsuit.

9. "Identify" or "describe," when referring to a person, means you must state the following:
    a. The full name.
    b. The present or last known residential address and residential telephone number.
    c. The present or last known office address and office telephone number.
    d. The occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory.
    e. In the case of any entity, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory and the officer who is responsible for supervising that officer or employee.

10. "Identify" or "describe," when referring to a document, means you must state the following:
    a. The nature of the document (e.g., letter, handwritten note).
    b. The title or heading that appears on the document.

Page **4** of **19**

c.     The date of the document and the date of each addendum, supplement, or other addition or change.

d.     The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

e.     The present location of the document and the name, address, position or title, and telephone number of the person or persons having custody of the document.

**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

**INTERROGATORY NO. 1:**  Please state the name, last known address, and employment position of all non-lawyer person(s) participating in answering these interrogatories.   Identify the interrogatory answer(s), which each person(s) participated in answering, and state the manner of each person's participation.

      a.  Has the person designated to sign the answers to these interrogatories been authorized to do so; and

      b.  If the person designated to sign the answers to these interrogatories does not have personal knowledge concerning all facts and information as set forth in such answers, list those interrogatory answers containing facts for which the person signing has no personal knowledge and state the precise source(s) of information (names of witnesses and precise identities of documents, by description, document number, title, author, subject matter and date) consulted by such person before signing the answers under oath.

    **ANSWER**:

**INTERROGATORY NO. 2:**   Identify each person at Allstate Vehicle and Property Insurance Company, or at Allstate Vehicle and Property Insurance Company's agent, consultant, or independent adjuster offices that examined or investigated Plaintiffs' claim number 0488620923 and state with particularity the substance of the information each such person has, including, without limitation:

      a.  Each person responsible for evaluating, investigating, researching, examining, inspecting, or deciding whether to pay insurance benefits to Plaintiffs; and

      b.  When responding to this interrogatory, also identify all supporting documents and training materials, programs, compensation, bonus, or incentive programs, claims payout expectations, or Allstate Vehicle and Property Insurance Company's policy that influenced, guided, or was relied upon by each person responsible for evaluating, investigating, researching, examining, inspecting, or deciding whether to pay insurance benefits to Plaintiffs.

    **ANSWER**:

**INTERROGATORY NO. 3:**  With respect to any payment amounts issued to Plaintiffs in this matter since the date of the loss identified in Plaintiffs' most recent petition, please list all payment amounts for claim number 0488620923 and, for each payment amount, please state under which

insurance coverage within the policy of insurance between Plaintiffs and Allstate Vehicle and Property Insurance Company that the payment was made.

**ANSWER**:

**INTERROGATORY NO. 4:** With respect to Allstate Vehicle and Property Insurance Company's investigation into the extent of damages related to Plaintiffs' claim number 0488620923, state the following:

    a.   The actual cash value of the loss and damage to the premises as a result of the occurrence made the subject of this lawsuit;

    b.   The actual cash value of the loss and damage to personal property and contents and goods contained in the premises as a result of the occurrence made the subject of this lawsuit;

    c.   The name and job title of the individual whose knowledge forms the basis for the information provided in the answer to this interrogatory;

    d.   The relationship of each individual listed above to Allstate Vehicle and Property Insurance Company; and

    e.   The number of first party claim investigations each individual listed performed for Allstate Vehicle and Property Insurance Company in the three (3) year period prior to the date of Plaintiffs' claim, and the results, conclusions, and payout totals for each investigation.

**ANSWER:**

**INTERROGATORY NO. 5:** State the names and current addresses of all persons at Allstate Vehicle and Property Insurance Company who prepared notices, memos, letters, invoices, statements, evaluations, reserve amounts, underwriting reports, or other written correspondence pertaining to the premises insured under policy number 829 655 428 regarding claim number 0488620923.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify the dates of any underwriting inspections, the persons conducting each inspection, the inspection results, and any correspondence sent by Allstate Vehicle and Property Insurance Company following any underwriting inspections pertaining to the premises insured under policy number 829 655 428.

**ANSWER**:

**INTERROGATORY NO. 7:** Identify by name the corporate representatives of Allstate Vehicle and Property Insurance Company who are most knowledgeable regarding Allstate Vehicle and Property Insurance Company's Answer to Plaintiffs' Complaint.

    **ANSWER**:

**INTERROGATORY NO. 8:** If a testifying expert witness has reviewed or relied upon the work of a discoverable consulting expert, for each identified consulting expert, provide the following information:

      a.  The expert's name, address, and telephone number;

      b.  The expert's current resume and bibliography;

      c.  The facts known to the expert that relate to or form the basis of the expert's mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired;

      d.  The mental impressions or opinions of the expert formed or made in connection with the case and any methods used to derive them;

      e.  Any bias of the expert; and

      f.  Identify all documents and tangible things, including reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert, so the documents or tangible things can be properly requested by a request for production.

    **ANSWER:**

**INTERROGATORY NO. 9:** With respect to Plaintiffs' claim number 0488620923, identify every person who has impeachment or rebuttal evidence and describe the evidence each person has. If Allstate Vehicle and Property Insurance Company has enough information to anticipate the use of impeachment or rebuttal evidence or witnesses, it must provide that information.

    **ANSWER**:

**INTERROGATORY NO. 10:** If Allstate Vehicle and Property Insurance Company contends Plaintiffs did not perform Plaintiffs' contractual obligations regarding Plaintiffs' claim number 0488620923, explain what part of Plaintiffs' contractual obligations were not performed, including a description of the obligation(s) and the exact time, date, and place of Plaintiffs' failure to perform.

**ANSWER**:

**INTERROGATORY NO. 11:** If Allstate Vehicle and Property Insurance Company asserts that Plaintiffs did not mitigate damages for Plaintiffs' claim number 0488620923, state the factual basis for the contention.

**ANSWER**:

**INTERROGATORY NO. 12:** For any inspection of the property insured under policy number 829 655 428, regarding claim number 0488620923, identify the date each inspection occurred, the person or entity that performed each inspection, the reason for each inspection, and the results of the inspection.

**ANSWER**:

**INTERROGATORY NO. 13:** When did Allstate Vehicle and Property Insurance Company notify Plaintiffs of its acceptance or rejection of Plaintiffs' claim number 0488620923, or request additional information regarding this claim, and by what method did Allstate Vehicle and Property Insurance Company send notification to Plaintiffs?

**ANSWER**:

**INTERROGATORY NO. 14:** At any time has an investigation been made on Allstate Vehicle and Property Insurance Company behalf with respect to any aspect of Plaintiffs' claim number 0488620923? If so, please state:

    a. The date said investigation was made;

    b. The name, address, telephone number, and job title or capacity of the person(s) who authorized said investigation; and

    c. The name, address, telephone number, and job title or capacity of each investigator.

**ANSWER**:

**INTERROGATORY NO. 15:** Was a report made on any investigation listed in the answer to the proceeding interrogatory?  If so, for each report, state:

    a. The date the report was prepared;

    b. The identity of the investigation from which said report was prepared;

    c.  The name, address, telephone number and job title or capacity of the person(s) who prepared said report; and

    d.  The name, address, telephone number and job title or capacity of each person(s) who prepared said report and whether the report was oral, written, or otherwise recorded.

    **ANSWER:**

**INTERROGATORY NO. 16:** Please list all correspondence sent to Plaintiffs or Plaintiffs' agent regarding Plaintiffs' claim number 0488620923 for coverage including the date, author, and subject matter of the correspondence.

    **ANSWER**:

**INTERROGATORY NO. 17:** Please state when Allstate Vehicle and Property Insurance Company requested, and subsequently received, all items, statements and forms required to secure final proof of loss on Plaintiffs' claim number 0488620923.

    **ANSWER**:

**INTERROGATORY NO. 18:** With respect to Plaintiffs' claim number 0488620923, please state separately and fully, all defenses Allstate Vehicle and Property Insurance Company alleges it has to Plaintiffs' recovery and set out the specific policy sections of Plaintiffs' insurance policy that Allstate Vehicle and Property Insurance Company alleges are defenses to payment of Plaintiffs' claim number 0488620923.  Plaintiffs will object at trial for any defense or factual matter not stated.

    **ANSWER**:

**INTERROGATORY NO. 19:** Please state in detail each contention relied upon to either deny Plaintiffs' claim or explain why the full amount of Plaintiffs' claim number 0488620923 within the limits of policy number 829 655 428 was not paid.

    **ANSWER**:

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

**REQUEST FOR PRODUCTION NO. 1:** Produce a copy of the entire claim investigation file for claim number 0488620923, maintained in the ordinary course of business, by any office under Defendant's control, from the date claim number 0488620923 was received by Defendant Allstate Vehicle and Property Insurance Company, through the date this lawsuit was filed.  This request includes but is not limited to:

    a.   Communications and documents of every adjuster that worked on Plaintiffs' claim;

    b.   The branch, regional, and home office claims files;

    c.   The "field file" including the claim handlers' notes and handwritten notes;

    d.   The claims file of all adjusters and independent adjusters;

    e.   The master file, and

    f.   The adjuster's working file.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 2:** Produce Defendant's entire property claims training manual and materials.  This request includes, but is not limited to:

    a.   Training programs for claims employees, both inter-company training programs as well as third party training programs and materials used to train Defendant's claims employees;

    b.   All property claims training videotapes;

    c.   All information provided to employees on how to avoid bad faith claims;

    d.   Any materials from the Insurance Institute of America; and

    e.   Text such as "The Claims Environment."

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 3:** Produce all statements made by Plaintiffs, Plaintiffs' agents, servants, or employees concerning this action or its subject matter, in the possession, custody, or control of Defendant Allstate Vehicle and Property Insurance Company or the attorneys of

record for Defendant Allstate Vehicle and Property Insurance Company, including any written statements, stenographic, mechanical, electrical, or other recording, or transcription thereof.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 4:** Produce copies of all papers, documents, letters, recordings, or any other device that establishes the date upon which Allstate Vehicle and Property Insurance Company first received Plaintiffs' notice of claim.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 5:** Produce copies of all papers or documents that establish Defendant's acknowledgment of receipt of Plaintiffs' claim.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 6:** Produce copies of all papers or documents that establish the date Allstate Vehicle and Property Insurance Company began any investigation of Plaintiffs' claim.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 7:** Produce the files of any individual or entity hired or retained by Defendant Allstate Vehicle and Property Insurance Company to investigate, inspect, evaluate, or assist with the occurrence and damage for the April 29, 2017 loss to the insured Property assigned claim number 0488620923.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 8:** Produce copies of all papers or documents that establish the date that Allstate Vehicle and Property Insurance Company requested from Plaintiffs all items, statements, and forms that Allstate Vehicle and Property Insurance Company reasonably believed would be required.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 9:** Produce copies of all papers or documents that establish the date Allstate Vehicle and Property Insurance Company notified Plaintiffs of either the acceptance or rejection of claim number 0488620923.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 10:** Produce copies of all papers or documents that give the reason and the date for denying coverage for claim number 0488620923, if Allstate Vehicle and Property Insurance Company denied the claim.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 11:** Produce all inter-office memoranda or other forms of written communication by any agent, employee, representative, or any other person acting on behalf of Defendant Allstate Vehicle and Property Insurance Company that relate to the initial process of investigating, inspecting, evaluating, or assisting with claim number 0488620923 when Defendant Allstate Vehicle and Property Insurance Company first received Plaintiffs' claim.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 12:** Produce all written communication regarding policy number 829 655 428 and claim number 0488620923 between Plaintiffs and Defendant Allstate Vehicle and Property Insurance Company, including all proof of loss forms.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 13:** Produce all written communication between Defendant Allstate Vehicle and Property Insurance Company and any third party concerning the processing, acceptance, or denial of Plaintiffs' claim number 0488620923.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 14:** Produce Defendant's entire claims manuals in effect during 2012, 2013, 2014, and 2015 which relate to, or may be referred to when investigating or adjusting property losses for wind and hail claims including, but not limited to, Defendant's claims handling manual, Defendant's claims practices and standards, any manuals for branch claims representatives, the regional office, and manuals for the home office.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 15:** Produce all written materials that instruct adjusters and their supervisors in the use of any computer program used to adjust or evaluate first party property damage claims.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 16:** Produce color copies of all photographs, slides, motion pictures, videotapes, or other photographic reproductions of the insured premises taken either prior to, at the time of, or after the April 29, 2017 damage to the insured Property assigned claim number 0488620923 occurred.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 17:** Produce the contract(s) or other agreement(s) between Defendant Allstate Vehicle and Property Insurance Company and the agent who took the application from Plaintiffs for insuring the premises referenced in Plaintiffs' Complaint.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 18:** Produce all materials generated by any computer program used to adjust or evaluate claims in this case or generated because of the use of any computer program to investigate, inspect, consult, evaluate, or assist with Plaintiffs' claim number 0488620923.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 19:** Produce a true and correct copy of all correspondence, notes, taped conversations, or other memoranda between the Plaintiffs and Defendant Allstate Vehicle and Property Insurance Company prior to the date Defendant Allstate Vehicle and Property Insurance Company received notice of this lawsuit, pertaining to policy number 829 655 428 or claim number 0488620923.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 20:** Produce all writings of any kind, recorded or memorialized meetings, or conversations engaged in by all employees, agents, or representatives or any other person acting on behalf of Defendant Allstate Vehicle and Property Insurance Company concerning, pertaining to, referring to, or relating to policy number 829 655 428 or claim number 0488620923.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 21:** Produce all documents relating to Allstate Vehicle and Property Insurance Company's company guidelines, policies, or procedures that serve as criteria for evaluating whether claims are covered or excluded, by any policy provision Defendant Allstate Vehicle and Property Insurance Company contends applies to Plaintiffs' claim.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 22:** Produce all consultation reports generated by any computer program used to adjust or evaluate claims in this case or generated because of the use of the program in this case.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 23:** Produce all communications between or among Defendant Allstate Vehicle and Property Insurance Company's personnel regarding the use, in this case, of any computer program used to adjust or evaluate claims with regard to Plaintiffs' claim.

    **RESPONSE**:

**REQUEST FOR PRODUCTION NO. 24:** Produce the Defendant's claims manual applicable to Plaintiffs' claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** Produce all non-privileged emails that in any way relate to Plaintiffs' claim, including any separate email communications system apart from the electronic claims file and emails sent via the Internet.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** Produce documents created or established by Defendant Allstate Vehicle and Property Insurance Company and governing the conduct of employees of Defendant Allstate Vehicle and Property Insurance Company when accepting, evaluating, adjusting, or settling claims from January 1, 2012 to the date Plaintiffs filed this lawsuit.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Produce all information regarding reserves for Plaintiffs' claim, including the dates and times reserves were set, changed, or adjusted.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Produce the Defendant's underwriting files for the Property referenced in Plaintiffs' Petition.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** Produce all documents related to Plaintiffs' claim contained in the personnel files of the claims handlers in charge of Plaintiffs' claim, as well as supervisors in the chain of command above these claims handlers.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Produce all documents identified, referred to, or relied upon in answering Plaintiffs' interrogatories.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Produce all non-privileged documents relating to or referencing Plaintiffs' insurance claim.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Produce Defendant's Agent(s) file related to Plaintiffs' Property.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Produce certified copies of all policies issued by Defendant Allstate Vehicle and Property Insurance Company to Plaintiffs for the insured premises that were in force on April 29, 2017.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Produce all documents relating to or referencing Defendant's policy of insurance with Plaintiffs.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Produce all estimates and color photographs generated by all Allstate Vehicle and Property Insurance Company adjusters and inspectors for claim number 0488620923.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Produce a copy of your attorney contract.

    **RESPONSE:**

**PLAINTIFFS' FIRST REQUEST FOR ADMISSIONS TO DEFENDANT**
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**

**REQUEST FOR ADMISSION NO. 1:** Admit that the homeowners' insurance policy Plaintiffs or Plaintiffs' agent purchased from Defendant Allstate Vehicle and Property Insurance Company bears policy number 829 655 428.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendant Allstate Vehicle and Property Insurance Company assigned claim number 0488620923 to Plaintiffs' claim for the wind and hailstorm damage to the insured's Property that resulted from the storm that occurred on or about April 29, 2017.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Admit that each Adjuster assigned to handle, investigate, evaluate, adjust, or assist with Plaintiffs' claim, at all times relevant to this cause of action, was an employee of Defendant Allstate Vehicle and Property Insurance Company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Admit that each Adjuster assigned to handle, investigate, evaluate, adjust, or assist with claim number 0488620923 at all times relevant to this cause of action, was a licensed insurance adjuster in the State of Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Admit that on or about April 29, 2017, the insured's Property sustained damages caused by a wind and/or hailstorm occurrence.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Admit that Allstate Vehicle and Property Insurance Company confirmed coverage for the wind and hailstorm loss and issued payment for claim number 0488620923.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** Admit that Defendant Allstate Vehicle and Property Insurance Company has not paid Plaintiffs the amount due under Plaintiffs' homeowners' insurance coverage for the damage asserted under claim number 0488620923.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** Admit that Defendant Allstate Vehicle and Property Insurance Company encourages its legal counsel to delay resolution of policy holder lawsuits, file frivolous motions, and impede ongoing efforts at discovery.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** Admit that Defendant Allstate Vehicle and Property Insurance Company knowingly engaged in unfair or deceptive acts or practices that caused damages to Plaintiffs.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** Admit that Allstate Vehicle and Property Insurance Company intentionally delays and confuses insureds' claims through the contract requirement of signed and sworn proof of loss forms.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Admit that Allstate Vehicle and Property Insurance Company routinely files motions to dismiss insureds' lawsuits against it based on a lack of receipt of a proof of loss form as a standard litigation practice to frustrate insureds' claims for benefits from losses covered under Allstate Vehicle and Property Insurance Company's policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Admit that Allstate Vehicle and Property Insurance Company has no need for signed and sworn proof of loss forms, and they are in Allstate Vehicle and Property Insurance Company's policy contracts to hamper insureds from pursuing legal recourse when Allstate Vehicle and Property Insurance Company has failed to make their insureds whole.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** Admit that Allstate Vehicle and Property Insurance Company has failed to fulfill its covenants and responsibilities due to the insured under the Texas Insurance Code and policy number 829 655 428 for claim number 0488620923.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Admit that Allstate Vehicle and Property Insurance Company has a compensation, bonus, and/or incentive program that provides a monetary reward to employees whose claim payout is below a certain level.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** Admit that Allstate Vehicle and Property Insurance Company received wind and hailstorm claims from Channelview, Texas homeowners other than Plaintiffs, asserting that the insured property sustained damages caused by wind and/or hailstorm occurrences that occurred on or about April 29, 2017.

    **RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Admit that Allstate Vehicle and Property Insurance Company routinely advises its adjusters to fraudulently list their addresses with Texas Department of Insurance to intentionally avoid service of process.

    **RESPONSE:**





ENTERE
VERIFI.

**MARILYN BURGESS**

HARRIS COUNTY DISTRICT CLERK

COPY OF PLEADING PROVIDED BY PLTD.

### Civil Process Pick-Up Form

CAUSE NUMBER: 2019 – 19715

ATY_____     CIV ✓     COURT 295

---

#### REQUESTING ATTORNEY/FIRM NOTIFICATION

*ATTORNEY: Wilson, Chad      * PH: 832-415-1432

*CIVIL PROCESS SERVER: LDM

*PH: 469-291-5005      BOX: 85

*PERSON NOTIFIED SVC READY: _____

* NOTIFIED BY: *Miaeda Hutchinson*

*DATE:

---

Type of Service Document: cil          Tracking Number 736048II
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____
Type of Service Document:_____       Tracking Number_____

Process papers prepared by: *Miaeda Hutchinson*

Date: 3 / 19 /2019      30 days waiting 4 / 19 /2019

---

*Process papers released to: _____ PAMELA HALL
(PRINT NAME)

713-280-6980          _____
*(CONTACT NUMBER)      (SIGNATURE)

*Process papers released by: _____
(PRINT NAME)

_____
(SIGNATURE)

* Date: 03-28- , 2019  Time: 9:30  AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

**Entire document must be completed**   (do not change this document)  Revised 1/9/2015

4/2/2019 5:41 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32452629
By: Kenya Kossie
Filed: 4/2/2019 5:41 PM

CAUSE NO.  201919715

**COPY OF PLEADING PROVIDED BY PLTD.**

RECEIPT NO.                    0,00      CIV
\*\*\*\*\*\*\*\*\*\*                    TR # 73604811

PLAINTIFF: VALERO, HUMBERTO
          vs.
DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In The   295th
Judicial District Court
of Harris County, Texas
295TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY MAY BE SERVED THROUGH
    ITS REGISTERED AGENT C T CORPORATION SYSTEM
    1999  BRYAN ST STE 900   DALLAS  TX  75201 - 3136
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>18th day of March, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 20th day of March, 2019, under my hand and
seal of said Court.

<u>Issued at request of:</u>
WILSON, CHAD TROY
455  EAST MEDICAL CENTER BLVD
SUITE 555
WEBSTER, TX  77598
Tel: (832) 415-1432
Bar No.: 24079587

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: HUTCHINSON, MIAEDA A  CCG//11186258

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _9:30_ o'clock _A_.M., on the _28th_ day of _March_, _2019_.
Executed at (address) _1999 Bryan St. #900, Dallas, TX. 75201_ in
_Dallas_ County at _12:07_ o'clock _P_.M., on the _1st_ day of _April_
_2019_, by delivering to _Allstate Vehicle and Property Insurance Company_ defendant, in person, a
_by serving R/A_
true copy of this Citation together with the accompanying _1_ copy(ies) of the Petition
_CT Corporation System-Intake Associate, Antoinette Williams_
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _1st_ day of _April_, _2019_.

FEE: $ _75_

_Corina A. Woods_
Affiant

_Corina A. Woods_
By  _#10836_  _3/31/20_         ~~County, Texas~~
        ~~Deputy~~

On this day, _Corina Woods_, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _2nd_ day of _April_, _2019_.

DAISY GARCIA
Notary Public, State of Texas
Comm. Expires 10-03-2022
Notary ID 131747948

Notary Public

N.INT.CITR.P

\*73604811\*

4/19/2019 10:37 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32924769
By: Adiliani Solis
Filed: 4/22/2019 12:00 AM

CAUSE NO. 201919715

| | |
|---|---|
| HUMBERTO AND FLOR VALERO, Plaintiffs, | IN THE DISTRICT COURT |
| Vs. | 295TH JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendant. | HARRIS COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, Defendants in the above styled and numbered cause of action, and in response to the complaints filed against them, would respectfully show unto this Honorable Court and Jury as follows:

## I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demand strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

## II.    SPECIFIC DENIALS

In addition to any Notice required by the applicable insurance policy, Defendant denies that Plaintiffs provided the pre-suit Notice required by Chapter 542A.003 of the Texas Insurance Code and Texas Business & Commerce Code § 17.505 (Texas Deceptive Trade Practices Act). Defendant files this answer subject to its verified Motion to Abate.

Plaintiffs' claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit, including applicable deductibles,

Valero, et al. vs. Allstate
Defendants Original Answer and Request for Disclosure
0488620923.1

Page **1** of **4**

depreciation, surface schedules and/or cosmetic roof surfaces exclusion. All or part of Plaintiffs' claims are excluded by the applicable insurance policy.

Plaintiffs failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law. Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

### III.     REQUEST FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Defendant requests that Plaintiff disclose within thirty days of service of this request, the information and material described in Rule 194.2(a) through (l). If this case was filed as an Expedited Action under TRCP 47(c)(1) and/or TRCP 190.2, Defendant further requests disclosure of any and all documents, electronic information, and tangible items that you have in your possession, custody or control and which may be used to support your claims or defenses.

### IV.     JURY DEMAND

Defendants, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, formally request a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

### V.     DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designation of electronic service email address for all electronically served documents and notices, pursuant to Tex.R.Civ.P. 21(f)(2) & 21(a). (HoustonLegal@allstate.com). This is the undersigned's ONLY electronic service email address, and service through any other email address will be considered invalid.

Valero, et al. vs. Allstate
Defendants Original Answer and Request for Disclosure
0488620923.1

Page **2** of **4**

## VI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiffs take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity to which Defendant may be justly entitled.

Respectfully submitted,

SUSAN L. FLORENCE & ASSOCIATES

_____
MORGAN KING
TBN:  24078834

811 Louisiana St Ste 2400
Houston, TX  77002-1401
HoustonLegal@allstate.com
(713) 336-2827
(877) 684-4165 (fax)

ATTORNEY FOR DEFENDANT
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY

Valero, et al. vs. Allstate
Defendants Original Answer and Request for Disclosure
0488620923.1

Page 3 of 4

## CERTIFICATE OF SERVICE

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the

original of Defendants' Original Answer has been filed with the clerk of the court in writing, and a true

and correct copy of Defendants' Original Answer has been delivered to all interested parties on the 19th

day of April, 2019, to:

Attorney for Plaintiffs, Valero
Chad T. Wilson, Esq.
Chad T. Wilson Law Firm, PLLC
455 E Medical Center Blvd Ste 555
Webster TX 77598                         *VIA E-SERVE*

MORGAN KING

Unofficial Copy Office of Marilyn Burgess District Clerk

Valero, et al. vs. Allstate
Defendants' Original Answer and Request for Disclosure
0488620923.1
Page **4** of **4**